GORDON F. KAMHOLZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kamholz v. Commissioner
Docket Nos. 34798-86; 27758-87
United States Tax Court
T.C. Memo 1990-192; 1990 Tax Ct. Memo LEXIS 211; 59 T.C.M. (CCH) 409; T.C.M. (RIA) 90192; April 16, 1990
Gordon F. Kamholz, pro se. Robert P. Crowther, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6651(a)(1)
Sec. 6661
1983
$ 15,409.00
$ 770.45
*
n/a
$ 1,540.90
1984
$ 12,793.00
$ 755.00
*
$ 49.15
$ 3,198.25
These cases were consolidated for trial, briefing, and opinion. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect, for the taxable years 1983 and 1984. All Rule references are to the Tax Court Rules of Practice and Procedure. On October 11, 1988, respondent moved this court to dismiss for lack of jurisdiction and to strike the portions of the adjustments and pleadings pertaining to the Daedalian and Desideratum partnerships for 1983. On October 18, 1988, respondent's *214 motion was granted. Accordingly, the correct deficiency for taxable year 1983 is $ 11,344.00 with additions to tax under section 6653(a)(1) and section 6661(a) of $ 567.20 and $ 1,134.00, respectively, plus the addition pursuant to section 6653(a)(2). In his amended answer, respondent requests the addition to tax under section 6661 for taxable year 1983 be calculated at 25 percent rather than the 10 percent reflected in his statutory notice of deficiency. Additionally, respondent concedes that petitioner is not liable for the addition to tax for late filing under section 6651(a)(1). After concessions, the issues for decision are (1) whether petitioner's 1983 and 1984 commercial fishing activity is an activity not engaged in for profit; (2) whether petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (a)(2) for 1983 and 1984; and (3) whether petitioner is liable for additions to tax for substantial understatement of liability under section 6661 for 1983 and 1984, if so, whether the applicable percentage rate for 1983 is 10 percent or 25 percent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation *215 of facts and the attached exhibits are incorporated herein. Petitioner resided in Anchorage, Alaska, at the time he filed the petitions in these cases. Petitioner filed his individual Federal income tax returns for calendar years 1983 and 1984 with the District Director, Internal Revenue Service Center, Ogden, Utah. During the years in issue, petitioner was employed fulltime by Elmendorf Air Force Base as a plumbing foreman. In 1976 petitioner purchased a $ 43,000.00 boat to engage in commercial fishing. Petitioner had no background, personal knowledge, or experience in commercial fishing nor did he consult with an individual who had knowledge of or experience in the activity either before or after he began the activity. Petitioner hired a crew to run the fishing activity from 1976 until June 1980. During that time petitioner's only involvement in the activity was repairing the boat. He did not actively engage in the day-to-day fishing operations. On June 22, 1980, petitioner leased his boat to Ted Amonson (hereinafter referred to as Mr. Amonson). Mr. Amonson agreed to pay petitioner 20 percent of the gross value of products he caught during the term of the lease. On *216 August 3, 1980, Thomas L. Olsen (Mr. Olsen), one of Mr. Amonson's crew members, was injured when he was struck by the vessel's boom. Thereafter, Mr. Olsen sued petitioner. On October 11, 1988, Mr. Olsen, for $ 5,300.00 in consideration, released and discharged Mr. Kamholz from all claims. As a result of Mr. Olsen's accident and before August 31, 1981, petitioner placed his boat in dry dock for repairs and refurbishing. Since petitioner performed all necessary repairs to the boat himself, the boat remained in dry dock through the 1985 taxable year. Petitioner finished refurbishing the boat in late 1985. In 1986 he launched the boat and resumed his fishing activity. From 1986 through 1988 the activity generated and petitioner deducted a total net loss of $ 42,035.00. For taxable years 1983 and 1984 petitioner reported Schedule C income and deductions attributable to his fishing activity as follows: ITEM
AMOUNTS
Income 1983 1984 Gross Income
-0- -0- Deductions
Advertising
$    6.00 7.00 Bank service charges
11.00 -0-  Car and truck Expenses
451.00 668.00 Freight
294.00 -0-  Insurance
-0-  -0-  Interest on business indebtedness
4,570.00 7,998.00 Legal and professional
6,024.00 1,543.00 Office expense
85.00 7.00 Rent on business property
2,013.00 648.00 Supplies
-0-  107.00 Travel and entertainment
591.00 946.00 Utilities and telephone
175.00 256.00 Fuel (Boat)
306.00 -0-  Tools
51.00 -0-  Boat repair
4,176.00 1,748.00 Depreciation and
section 179 deduction
* 7,977.00 3,425.00 Total profit (Loss)
($ 26,730.00)
($ 17,353.00)
*217 Respondent disallowed all deductions petitioner claimed for lack of a profit objective and/or substantiation. Petitioner substantiated that he actually expended $ 14,059.26 and $ 14,724.11 in 1983 and 1984, respectively, as follows: [1]
1983 Substantiated Expenditures
(1)
$ 1,094.60 Petroleum ($ 590.30 -ACTIVITY; $ 504.30
-PERSONAL)
(2)
397.69 Auto parts and supplies (PERSONAL)
(3)
294.00:
Freight (CAPITAL)
(4)
1,500.00:
Legal fees (DEDUCTIBLE Detels, McGee)
(5)
3,369.00:
Legal fees (DEDUCTIBLE Henderson and
Nogg).
(6)
500.00 Legal fees (DEDUCTIBLE MacPherson)
(7)
106.00 P.O. Box rent (PERSONAL)
(8)
556.00 Boat storage rent (ACTIVITY)
(9)
1,237.27 Rent ($ 1,237.27 - PERSONAL)
(10)
563.04 Travel (PERSONAL)
(11)
186.69 Telephone bill (PERSONAL)
(12)
26.11 Electric bill (PERSONAL)
(13)
4,178.10 Supplies for boat repair (CAPITAL)
(14)
50.76 Tools (ACTIVITY)
$ 14,059.26 *218 1984 Substantiated Expenditures
(1)
$ 1,075.17:
Petroleum ($ 210.79 -ACTIVITY; $ 864.38
PERSONAL)
(2)
259.61:
Auto parts and supplies (PERSONAL)
(3)
212.00:
Auto insurance (PERSONAL)
(4)
1,485.00:
Interest paid to Mrs. Kamholz
(DEDUCTIBLE)
(5)
7,984.00:
Interest paid to U.S. Treasury (DEDUCTIBLE)
(6)
883.28:
Legal fees (DEDUCTIBLE)
(7)
647.50:
Boat storage rent (ACTIVITY)
(8)
234.81:
Telephone (PERSONAL)
(9)
1,863.16:
Supplies to repair boat (CAPITAL)
(10)
79.58:
(DEDUCTIBLE -Section 212(3))
$ 14,724.11 For taxable years not in issue, petitioner reported Schedule C income and deductions from his fishing activity as follows: YEAR
GROSS RECEIPTS
GROSS INCOME
DEDUCTIONS
NET
1980
$     8,896.00
($ 4,494.00)
$ 23,381.00
($ 27,875.00)
1981
-0-    3,062.00 21,931.00
(  18,869.00)
1982
-0-    -0-   10,195.00
(  10,195.00)
--
--
1985
-0-    -0-   16,025.00
(  16,025.00)
1986
346.00
* 8,426.00
43,508.00
(  34,736.00)
1987
12,604.00
* 12,604.00
13,532.00
(     928.00)
1988
5,458.00
5,458.00
11,829.00
(   6,371.00)
TOTALS
$ 27,304.00
$ 25,056.00 $ 140,401.00
($ 115,345.00)
*219 The Internal Revenue Service examined petitioner's income tax returns for taxable years 1980, 1981, and 1982, making adjustments to his gross receipts, cost of goods sold, gross income, and deductions (expense and depreciation,including section 179 election). After considering these adjustments, petitioner's gross income, deductions (expense and depreciation), and net loss for taxable years 1980 through 1988 are as follows: YEAR
GROSS INCOME
DEDUCTIONS
NET GAIN (or LOSS)
1980
$  5,897.00
$ 29,053.00
* ($ 23,156.00)
1981
3,062.00
18,770.00 ** (  15,708.00)
1982
-0-  13,793.00 ** (  13,793.00)
1983
-0-  26,730.00
(  26,730.00)
1984
-0-  17,433.00
(  17,433.00)
1985
-0-  16,525.00
(  16,525.00)
1986
346.00
43,508.00
(  43,162.00)
1987
12,604.00
13,532.00
(     928.00)
1988
5,458.00
18,090.00
(  12,632.00)
TOTALS
$ 27,367.00
197,434.00
(170,067.00)
*220 OPINION The first issue we must decide is whether petitioner's commercial fishing is an activity not engaged in for profit within the meaning of section 183(a). Section 183(a) provides that if a taxpayer's activity constitutes an activity "not engaged in for profit," expenses arising out of the activity are allowed as deductions only as provided in section 183(b). An "activity not engaged in for profit" is defined in section 183(c) as "an activity other than one with respect to which deductions are allowable for the taxable year under section 162 [2] or under paragraph (1) or (2) of section 212." [3]
*221 Additionally, there is a presumption that an activity is engaged in for profit if the gross income derived from the activity exceeds the deductions attributable thereto for two or more years in a period of five consecutive years, ending with the taxable year in consideration. Section 183(d). However, the activity operated at a loss from 1980 through 1984. Thus, this presumption is inapplicable for taxable years 1983 or 1984. [4]
Deductions are a matter of legislative grace and petitioner bears the burden of proving his entitlement thereto. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). In order to deduct expenses of an activity under either section 162 or 212, petitioner must show that he engaged in the activity with an "actual and honest objective of making a profit. *222 " Ronnen v. Commissioner , 90 T.C. 74, 91 (1988); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Although a reasonable expectation of profit is not required, the taxpayer's profit objective must be bona fide. Hulter v. Commissioner, 91 T.C. 371, 393 (1988); Dreicer v. Commissioner, supra."Profit," in this context, means economic profit, exclusive of tax savings. Landry v. Commissioner, 86 T.C. 1284, 1303 (1986). Herrick v. Commissioner, 85 T.C. 237, 255 (1985); Beck v. Commissioner, 85 T.C. 557, 570 (1985). The existence of a profit objective is an important factor because it distinguishes between an enterprise carried on in good faith as a trade or business and an enterprise merely carried on as a hobby. Whether a taxpayer had an actual and honest profit objective is a question of fact to be determined on the basis of all the attending facts and circumstances. Hulter v. Commissioner, supra; Finoli v. Commissioner, 86 T.C. 697, 722 (1986); Herrick v. Commissioner, 85 T.C. at 255; *223 Dreicer v. Commissioner, 78 T.C. at 645. In resolving this factual question, greater weight is given to the objective facts than to the taxpayer's own statements of intent. Beck v. Commissioner, supra; Thomas v. Commissioner, 84 T.C. 1244, 1267 (1985), affd. 792 F.2d 1256 (4th Cir. 1986); sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., sets forth a nonexclusive list of relevant factors to consider in determining whether an activity is engaged in for profit. Not all these factors are applicable in every case and no one factor is controlling. Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Allen v. Commissioner, 72 T.C. 28, 34 (1979); sec. 1.183-2(b), Income Tax Regs.
Upon review of the entire record and consideration of the above factors, we find petitioner failed to meet his burden of proving he operated his commercial fishing activity with the requisite profit objective. (1) Petitioner did not conduct his fishing activity in a businesslike manner. He did not maintain separate books or checking accounts for the income and expenses related to the *224 fishing activity. Furthermore, there is nothing to indicate petitioner made any attempt to analyze the costs, risks, and returns of running the operation. In fact, the returns were low. For each taxable year from 1980 [5] through 1984 petitioner sustained a total net loss of over $ 100,000. He continued to sustain a loss every year thereafter up to and including 1988. While losses during the start-up phase of an activity are not necessarily fatal to the section 183 determination, the ultimate goal of an activity engaged in for profit must be to realize a net profit so as to recoup losses previously sustained. Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967), cert. denied 389 U.S. 931 (1967). The reporting of continuous losses with no occasional profits is persuasive evidence of a lack of a requisite profit objective. See Golanty v. Commissioner, 72 T.C. 411, 427 (1979), affd. without opinion 647 F.2d 170 (9th Cir. 1981). *225 (2) Petitioner did not participate in the activity's day-to-day operation. His only participation was performing general repairs to the boat while working full-time as an employee of the United States Air Force. In 1980 he leased his boat to a third party rather than using it in his fishing activity. Leasing is a separate activity from commercial fishing. (3) In 1981 petitioner placed the boat in dry dock for major refurbishing and repairs. The boat remained in dry dock until 1986. We believe petitioner would not have spent in excess of four years repairing the boat had his objective been to make a profit. (4) Petitioner had no knowledge or experience as a commercial fisherman before he entered into the commercial fishing activity. Additionally, he failed to consult knowledgeable persons before or after he entered into the activity. (5) There is no evidence that the boat or other fishing equipment would appreciate in value. If anything, the extensive costs, due to the effects of salt water and regular wear and tear, indicate that the boat had not retained its original value. Therefore, petitioner could not have expected his boat to appreciate in value. (6) There is *226 no evidence that petitioner was successful in carrying on a similar activity. Based on the forgoing, we conclude petitioner did not conduct his commercial fishing activity during 1983 and 1984 with a bona fide profit objective. His fishing activity was not a trade or business or an activity entered into for the production of income. Sec. 183(c). [6]
However, the following items must be taken into account in the Rule 155 computation for recomputing petitioner's 1983 and 1984 tax liability.: 1983
$ 5,369.00: legal fees, section 212(3): ($ 3,869.00 conceded by respondent)
1984
$   883.28: legal fees, section 212(3): (conceded by respondent)
9,469.00: interest paid (conceded by respondent),
79.58: paid in connection with the determination, collection, or refund of Federal income taxes, section 212(3) *227 We also find the $ 4,472.10 ($ 4,178.10 plus $ 294.00 freight) and $ 1,863.16 paid to purchase materials and supplies for refurbishing the boat in 1983 and 1984, respectively, are nondeductible capital expenditures. Additions to Tax
Section 6653
We next consider whether petitioner is liable for the negligence addition to tax under section 6653(a). Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would exercise under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). See Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). Petitioner bears the burden of proving that the underpayment was not due to negligence or intentional disregard of rules or regulations. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Enoch v. Commissioner, 57 T.C. 781, 802-803 (1972); Rule 142(a). When petitioner filed his 1983 and 1984 returns he knew his boat had been in dry dock since August 1981, that he would not finish refurbishing the boat in the near future, and that the fishing activity had *228 consistently operated at a loss. Petitioner also failed to maintain adequate books and records for the activity. He nevertheless claimed as business expenses 50 percent of his costs of driving his car and truck, 25 percent of the costs of renting his personal residence and his utilities there, 80 percent of the costs of renting his only mailbox, and a large fraction of his telephone expenses. Even if petitioner deducted those items under a mistaken belief he was entitled to do so, his failure to keep adequate books and records made allocating those expenses unreasonable. Petitioner claimed to have relied on a "tax advisor," Elmer Pratt, for general advice on how various expense items should be reported. Mr. Pratt is not an accountant or a tax expert and any reliance on his advice with respect to such matters is not reasonable. Accordingly, we find petitioner liable for the additions to tax under sections 6653(a)(1) and (2). Section 6661
The final issue for consideration is whether petitioner is liable for the addition to tax for substantial understatement of income tax liability under section 6661(a). Section 6661 provides for an addition to tax of 25 percent of the *229 amount of the underpayment of tax attributable to a "substantial understatement of income tax." Sec. 6661(a). See Pallottini v. Commissioner, 90 T.C. 498 (1988). A substantial understatement of tax exists if the taxpayer has understated his tax liability by the greater of $ 5,000.00 or 10 percent of the tax required to be shown on the return for the taxable year in issue. Sec. 6661(b)(1)(A). Where an item is not attributable to a tax shelter, [7] the understatement may be reduced, and the addition to tax accordingly reduced, if the taxpayer's treatment of the item(s) was based on substantial authority or if the relevant facts relating to his tax treatment were adequately disclosed on the return or in a statement attached thereto. Secs. 6661(b)(2)(B)(i) and (ii). See Schirmer v. Commissioner, 89 T.C. 277, 283-284 (1987). Petitioner has not claimed that substantial authority exists for purposes of section 6661. However, we find it necessary to address the adequate disclosure issue. Section *230 1.6661-4(c), Income Tax Regs., provides that the Commissioner may, by revenue procedure, prescribe the circumstances in which information provided on the return will constitute adequate disclosure for purposes of section 6661. Consistent therewith, the Commissioner issued Rev. Proc. 84-19, 1984-1 C.B. 433, applicable to returns filed in 1984, and Rev. Proc. 85-19, 1985-1 C.B. 520, applicable to returns filed in 1985. These Revenue Procedures list certain types of expenses and items which may give rise to potential tax controversies and the manner in which such expenses and items should be reported in order to constitute adequate disclosure. They do not, however, list any of the expenses or items involved herein. Nevertheless, where a taxpayer fails to comply with the Revenue Procedures and fails to make specific reference to section 6661 on the return, the requirements of adequate disclosure can still be satisfied if the return contains sufficient information to enable the Commissioner to identify the potential controversy involved. S. Rept. 97-494 at 274 (1982). See Schirmer v. Commissioner, 89 T.C. at 285. In this regard, petitioner *231 listed on his Schedule C the expenses and deductions he claimed attributable to his fishing activity. Without more, that information is insufficient to enable respondent to identify the potential controversy involved here, that is, whether petitioner engaged in the activity for profit. See Schirmer v. Commissioner, 89 T.C. at 286. However, petitioner wrote on his 1983 and 1984 Schedule C, "Boat in drydock for refurbishing." Based on our examination of the schedules and the circumstances surrounding these cases we find, on this particular record, that petitioner adequately disclosed the facts affecting the tax treatment of his deductions. Although we concluded that petitioner was not engaged in an activity for profit, respondent was adequately advised of the potential controversy. Accordingly, petitioner is not liable for the additions to tax under section 6661(a). To reflect concessions and the foregoing, Decisions will be entered under Rule 155. Footnotes
*. 50 percent on the portion of the underpayment attributable to negligence.↩
*. $ 3,437.00 section 167 deduction on equipment and $ 4,540.00 section 179 election ($ 2,600.00 on boat motor and $ 1,940.00 on generator).↩
1. Petitioner was unable to substantiate the allocations he made. Accordingly we have characterized the expenses in accordance with the evidence.↩
*. This amount was reported as U.S. Treasury interest income.↩
*. In prior dealings with petitioner, respondent conceded that this loss should be taken into account in determining petitioner's 1980 Federal income tax liability. **In prior litigation respondent conceded that these losses should be considered in determining petitioner's Federal income tax liability for those years.↩
2. Section 162 provides, in relevant part (a) IN GENERAL. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * ↩
3. Section 212 provides, in relevant part, as follows: In the case of an individual there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year -- (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; * * *↩
4. Petitioner failed to produce sufficient evidence on his activity's income and deductions for taxable year 1979. However, even if the activity had generated a profit in 1979, the fact remains that it operated at a loss for 4 out of 5 years. This does not meet the 2 out of 5 year test under section 183(d).↩
5. The only evidence petitioner presented on the activity's profit or loss for taxable years 1976 through 1979 was an exhibit containing bottom line figures indicating that the activity made a $ 2,532.00 and $ 10,681.00 profit in 1978 and 1979, respectively. However, we find this exhibit and the figures contained therein totally inaccurate. Accordingly, we are unable to determine whether the activity actually made a "profit" for any taxable year before 1980.↩
6. Because we sustain respondent's determination with respect to profit objective, section 167 likewise is not available with respect to the claimed depreciation. Merely owning property that could potentially be used in a profit related activity does not entitle a taxpayer to a depreciation deduction. See Dvorak v. Commissioner, T.C. Memo. 1986-256, 51 T.C.M. 1259↩, 1262, 55 P-H Memo T.C. par. 86,256 at 86-1084.
7. Petitioner's fishing activity does not constitute a "tax shelter" as defined for purposes of section 6661. See sec. 6661(b)(2)(C)(i) and (ii).↩